IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THOMAS GRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-545-RP |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian") motion for summary judgment, (Dkt. 23), and responsive briefing. Having considered the parties' briefs, the record, and the relevant law, the Court will grant Experian's motion.

As an initial matter, the Court notes that Plaintiff Thomas Gray ("Gray"), proceeding *pro se*, filed multiple filings in response to Experian's motion. Experian's motion was filed on July 15, 2024. (Dkt. 23). Gray filed an initial response on July 26, (Dkt. 26), and in response, Experian filed a reply on August 2, (Dkt. 27). The Court considers both filings as properly filed. However, twelve days after Experian filed its reply, Gray then filed a second document labeled as a response, (Dkt. 28), and an affidavit, (Dkt. 29). These latter two documents were untimely and improperly filed without permission of the Court. *See* W.D. Tex. Loc. R. CV-7(d) (noting that responses to non-discovery or case management motions are due 14 days after the filing of the motion); *Id.* CV-7(e) (noting that "no further submissions" on a motion other than response and reply briefs "are allowed" without

1

"leave of court"). Accordingly, the Court does not consider Gray's second response and affidavit, (Dkts. 28, 29), and will strike them from the docket.[1]

## I. BACKGROUND

Gray filed suit against Experian asserting that Experian had reported inaccurate and incomplete information about Gray to third parties through its business of preparing consumer credit reports. (Dkt. 1). In his complaint, Gray alleges that Experian inaccurately and incorrectly reported that Gray had a history of delinquent payments. (*Id.* ¶ 6). Specifically, in his deposition, Gray testified that he disputes the veracity of three accounts: an Apple credit card, a Chase auto loan, and a Capital One credit card. (Gray Dep. Tr., Dkt. 23-1, at 15:19–17:17). Gray asserts that the allegedly inaccurate reporting caused him damages, including "denied credit opportunities, emotional distress, damage to reputation and standing in the community." (Compl., Dkt. 1, ¶ 8).

Gray filed his complaint in this case on May 16, 2023. (Dkt. 1). Gray brings one count for violation of Section 1681e(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b). (*Id.* at 2). Gray also alleges that Experian acted intentionally and willfully. (*Id.*). Gray seeks actual damages, punitive damages, and attorney's fees. (*Id.*). Experian moves for summary judgment on Gray's FCRA claim. (Dkt. 23).

## II. LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the

---

[1] Even if these filings were properly filed, the Court finds that they do not contain argument or evidence that would create a genuine issue of material fact on Gray's FCRA claim.

2

outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin Alliance v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000). Courts must view the summary judgment evidence in the light most favorable to the nonmovant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

### III. DISCUSSION

Experian argues that it is entitled to summary judgment because Gray has not provided evidence to support all elements of his FCRA claim. (Dkt. 23). Section 1681e(b) of the FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Section 1681n(a) creates a private right of action for willful noncompliance with the FCRA, and Section 1681o(a) provides a private right of action for negligent noncompliance with the FCRA. To prove negligent noncompliance with § 1681e(b), Gray must establish four elements: (1) inaccurate information was included in his credit report; (2) the inaccuracy was due to Experian's failure to follow reasonable procedures to assure maximum possible accuracy; (3) Gray suffered injury; and (4) Gray's injury was caused by the

3

inclusion of the inaccurate entry. *Zala v. Trans Union, LLC*, 2001 WL 210693, at *3 (N.D. Tex. Jan. 17, 2001). The Court will take each element in turn.

### A. Inaccurate Information

The threshold question is whether Gray has demonstrated that his credit report contains inaccurate information. *See Potter v. GreenSky, LLC*, 2019 WL 5295494, at *2 (W.D. Tex. Oct. 18, 2019). The Court finds that Gray has not done so as to the three accounts he is disputing.

First, Gray disputes the accuracy of the reporting on his Apple credit card. The only evidence that Gray points to his November 11, 2023 Dispute Letter ("Dispute Letter"), which contains a print-out of his Experian credit report with Gray's annotations indicating where he believes there is missing or inaccurate information. (Resp., Dkt. 26, at 2; Dispute Letter, Dkt. 23-3, at 20–21). Such evidence is conclusory and does not demonstrate that the reporting on the Apple card is inaccurate. Gray's "unverified, unsubstantiated, and self-serving allegations simply cannot be the basis of a genuine issue of material fact." *See Foster v. Cerliano*, 2008 WL 5158576, at *7 (E.D. Tex. Dec. 9, 2008) (citing *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004)). Accordingly, the Apple credit card cannot support Gray's FCRA claim.

Similarly, Gray disputes the accuracy of the reporting on his Capital One credit card. (Gray Dep. Tr., Dkt. 23-1, at 17:7–9). However, again, the only evidence that Gray presents to support this allegation is the annotations that he placed on his credit report, alleging that there was missing or inaccurate information as to the Capitol One account. (Resp., Dkt. 26, at 2; Dispute Letter, Dkt. 23-3, at 22–24). On the other hand, Experian has produced evidence demonstrating the accuracy of the reporting. Experian has issued Automated Consumer Dispute Verifications ("ACDV"), which have confirmed that the reporting of the card is accurate. (*See* Ex. 5, at 3; Ex. 6). Because Gray's conclusory allegations cannot create a genuine issue of material fact as to the accuracy of the reporting of the Capitol One account, this account also cannot support his FCRA claim.

Third, Gray disputes the accuracy of the reporting on his Chase auto loan. (Gray Dep. Tr., Dkt. 23-1, at 17:3). As of December 2023, Gray's credit report indicated that he paid this loan 30 days late for the months of January 2022, January 2023, and September 2023. (Ex. 2, Dkt. 23-2, at 5). Gray, however, alleges that this information is inaccurate because he paid this loan on time. (Resp., Dkt. 26, at 1–2).

In support, Gray points to a "transcribed phone call" with Chase that he argues demonstrates that this account was not delinquent in January 2023 and January 2024. (Dispute Letter, Dkt. 23-3, at 7–8). Experian disputes the veracity of this "transcribed phone call" and whether the phone call supports Gray's argument. (Mot., Dkt. 23, at 8 & n.7; Reply, Dkt. 27, at 6). The Court agrees with Experian. The transcription is a one-and-a-half-page document that identifies an alleged conversation that Gray had with a Chase employee simply identified as "Chase." (*See* Dispute Letter, Dkt. 23-3, at 7–8). The document does not identify the date or time of this alleged conversation. Nor does the document contain any other information verifying that it is an accurate depiction of the alleged conversation. Instead, there is an indication that the transcription is the result of an artificial intelligence program. (*Id.* at 8). This "transcribed phone call" is unverified and unauthenticated. Thus, it is not admissible summary judgment evidence. *Oliver v. U.S. Dept. of Defense*, 44 F. Supp. 2d 821, 824–25 (W.D. Tex. 1999).

Further, even assuming that the phone call is admissible, it does not support Gray's perspective. In the alleged call, Gray asks the Chase employee what Chase is reporting for the month of January 2021. (Dispute Letter, Dkt. 23-3, at 7). In response, the alleged Chase employee states that Gray had a payment due date of January 11. The employee explains that Chase processed Gray's payment on February 9. Therefore, his payment was late, but Chase did not issue a delinquency report because Chase only issues those reports if a payment is 30 days past due. Gray then inquires about January 2023, and the Chase employee makes similar remarks as to that

5

payment. (*Id.* at 7–8). Assuming that the transcription accurately reflects Gray's payment history, all it states is that Chase processed Gray's payments within the 30-day window of Gray's payment dates in January 2022 and January 2023. This call does not indicate whether the January 2022 and January 2023 payments were applied to Gray's account and therefore whether they were ultimately timely. In addition, the transcription does not even address the third disputed month—September 2023.

In fact, Experian presents evidence indicating that in October 2023, Gray received a letter from Chase, presumably in response to the September 2023 payment. (*Id.* at 3–4). The letter acknowledged that Chase had processed a payment but that the payment was "returned . . . unpaid." (*Id.*). A payment that was processed within the 30-day window but was later returned and not applied to the account in that timeframe is 30 days late. Thus, this letter demonstrates that at least on one occasion—and specifically as to the September 2023 payment, which Gray disputes—the processing of Gray's payments did not ultimately result in the payment being applied to the account.

Experian also presents evidence that it conducted two investigations into the veracity of the negative reporting on the Chase account. (Ex. 4, Dkt. 23-4; Ex. 5, Dkt. 23-5). Both times Chase verified the accuracy of the three 30-day delinquencies. (*Id.*). Gray's "transcribed phone call" does not contradict the results of these investigations because it is inadmissible, it does not address the September 2023 payment, and even as to the January payments, it does not demonstrate that Gray's payments were applied to his account. Gray presents no other evidence by which a reasonable jury could conclude that Gray was not delinquent on the Chase account. Accordingly, the Chase account also cannot support his FCRA claim.

Because Gray has failed to provide any evidence that would allow a trier of fact to find that his credit reports contained inaccurate information, the Court concludes that he has failed to raise a

genuine issue of material fact on this point.[2] As a result, Experian is entitled to summary judgment on this threshold element.

### B. Reasonable Procedures

Section 1681e(b) of the FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). This Section does not impose strict liability for inaccuracies, "but only a duty of reasonable care in preparation of the report." *Thompson v. San Antonio Retail Merchs. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982). It is Gray's burden to show that the inaccuracy resulted from "a negligent or willful failure to use reasonable procedures." *Sepulvado v. CSC Credit Services, Inc.*, 158 F.3d 890, 895 (5th Cir. 1998). "The standard of conduct by which the trier of fact must judge the adequacy of agency procedures is what a reasonably prudent person would do under the circumstances." *Thompson*, 682 F.2d at 513 (citing *Bryant v. TRW, Inc.*, 487 F. Supp. 1234, 1242 (E.D. Mich. 1980)).

In his response, Gray argues that Experian failed to follow reasonable procedures because it did not correct inaccuracies after Gray provided documentation that his credit report contained inaccurate information. (Resp., Dkt. 26, at 4–5). Gray also argues that Experian's reliance on the ACDVs was improper because in doing so, Experian did not conduct its own independent investigation. (*Id.*). However, the evidence demonstrates that Experian did reasonably investigate Gray's disputes and repeatedly confirmed with the credit furnishers—Apple, Capitol One, and Chase—that Gray's information was accurate. (*See* Ex. 4, Dkt. 23-4; Ex. 5, Dkt. 23-5; Ex. 6, Dkt. 23-

---

[2] In his response, Gray also seems to dispute the reporting on five other accounts: a First Progressive credit card, a Self Financial/Lead Bank credit card, a Navy Federal Credit Union account, a One Nevada Credit Union account, and a Santander/Chrysler Capital account. (Resp., Dkt. 26, at 2–3). Assuming that these allegations are even properly part of this suit, these accounts also cannot support his FCRA claim because the only evidence Gray produces to support his allegations of inaccuracy is his own conclusory annotations on his credit report. (*Id.*; Dispute Letter, Dkt. 23-3, at 18–20, 30–31; *see also* Dkt. 26-1, at 13–27).

6). It is reasonable for Experian to rely on the credit furnishers to provide accurate information on whether Gray paid his bill and whether he paid it on time. *See Toliver v. Experian Info. Sols., Inc.*, 973 F. Supp. 2d 707, 727–28 (S.D. Tex. 2013) (finding Experian's reliance on the credit furnisher for the "date of status" entry reasonable at the summary judgment stage). Thus, Experian is entitled to summary judgment on this element.

### C. Injury and Damages

The third and fourth elements of Gray's claim are that Gray must prove that he suffered injury; and that this injury was caused by Experian's inclusion of inaccurate reporting. Gray argues that he was suffered harm because he was denied a credit card with American Express on November 14, 2022. (Resp., Dkt. 26, at 4; Compl., Dkt. 1, ¶ 6). However, despite Experian asking Gray throughout this litigation for proof of the credit card denial, Gray has still not produced it. (Mot., Dkt. 23, at 11; Reply, Dkt. 27, at 3). Gray asserts that his inability to produce the denial letter is "a result of procedural delays and does not negate the existence of harm caused by Experian's reporting" and that he "can and will" present this letter at trial. (Resp., Dkt. 26, at 4).

However, as the non-moving party, it is Gray's burden to affirmatively produce this evidence at this stage of the litigation to prove that there is a genuine dispute as to his damages. *Matsushita*, 475 U.S. at 585–87. The Court cannot simply accept his word that such a denial letter exists. Indeed, Experian convincingly argues that the evidence that does exist suggests that there never was a denial because Gray's credit report—dated just a little over a year after the purported denial—lists zero hard inquiries evidencing such a denial. (Reply, Dkt. 27, at 3; Ex. 2, Dkt. 23-2). Further, even assuming that American Express did deny Gray a credit card based on his credit report, there is no evidence that it did so based on the negative reporting that Gray disputes. Gray has utilized 90% of his available credit and has over eight credit cards and more than seven secured loans. (Ex. 2, Dkt. 23-2, at 1–2, 4–16). Any one of these factors, or all of them combined, could support a decision to

deny Gray a credit card. Thus, Experian is entitled to summary judgment on the third and fourth elements of the FCRA claim.

### D. Willfulness

Last, Gray alleges that Experian's inaccurate reporting was not merely negligent but willful. (Resp., Dkt. 26, at 5). His allegation rests on the notion that Experian failed to correct alleged inaccuracies despite multiple notifications and disputes. (*Id.*). Because the Court has found that there is insufficient evidence to demonstrate that Gray's credit report contained any inaccurate information and that Experian acted reasonably in investigating Gray's disputes, Experian is entitled to summary judgment on Gray's allegation of willful violation of the FCRA.

### IV. CONCLUSION

Gray's FCRA claim rests on four elements, all of which are essential to him prevailing in this suit. *See Bacharach v. Suntrust Mortgage, Inc.*, 827 F.3d 432, 435 (5th Cir. 2016). "Where the non-moving party fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, no genuine issue of material fact can exist." *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 188 (5th Cir. 2007). "Parties proceeding pro se are still required to provide sufficient facts in support of their claims. Even under the rule of liberal construction, 'mere conclusory allegations on a critical issue are insufficient.'" *Watkins v. Experian*, 2014 WL 12879669, at *4 (W.D. Tex. Sept. 8, 2014), *report and recommendation adopted by* 2014 WL 12879668 (W.D. Tex. Oct. 3, 2014). The Court has found that Gray has not produced sufficient evidence to support any of the elements of his FCRA claim. Accordingly, Experian is entitled to summary judgment.

For these reasons, **IT IS ORDERED** that Gray's response and affidavit, (Dkts. 28, 29) are **STRUCK** from the docket.

**IT IS FURTHER ORDERED** that Experian's motion for summary judgment, (Dkt. 23), is **GRANTED**.

The Court will enter final judgment by separate order.

**SIGNED** on September 16, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE